UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| SARAH ELIZABETH NASH | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:20-cv-00908 |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Newbern has issued a Report and Recommendation ("R&R") (Doc. No. 42), recommending that the final decision of the Commissioner of the Social Security Administration denying Sarah Nash's application for disability insurance benefits and supplemental security income under the Social Security Act be affirmed, and consequently that Nash's Motion for Judgment on the Administrative Record (Doc. No. 27-1) be denied. Nash has filed numerous Objections to the R&R (Doc. Nos. 51, 51-1). Prior to discussing those objections, the Court finds it appropriate to address the record that has been developed in this case as they relate to Nash's filings.

### I.

This case is now more than 2½ years old due largely to the actions of Nash's counsel. After three extensions of time, counsel filed the Motion for Judgment on the Administrative Record. The accompanying Memorandum (Doc. No. 27-2) was 49-pages long and attached over 180 pages of exhibits. Because the Memorandum was two times larger than that permitted by this Court's Local Rules and the voluminous "exhibits purported to summarize, clarify, or restate portions of the administrative record, but [were] not part of the administrative record itself," Nash was ordered by

Magistrate Judge Newbern to refile her memorandum with proper citations to the administrative record. (Doc. No. 33 at 2-3).

Instead of simply refiling the brief with appropriate citations to the record, counsel apparently also felt compelled to file a "Response to Court's Order" (Doc. No. 37) in which he purports to explain the differences between the first and second filings. This Notice itself is 14 pages long, but does nothing to advance Nash's cause. Rather, it appears to be a veiled attack on Magistrate Judge Newbern's Order, and/or an improper attempt to reargue points already made. Neither is acceptable.

After the R&R was entered, counsel moved for an extension that would have more than doubled the time period for filing Objections. The Court granted the request in part, and counsel moved for another, albeit brief, extension, which the Court also granted. Counsel did not meet the now-extended deadline and the brief he filed was 42-pages long, far more than the 25-pages for filing objections under Local Rule 72.01. Accordingly, that brief was stricken, but counsel was permitted to file a brief that complied with the local rules.[1]

On March 30, 2022, Nash filed her Objections along with a 23-page memorandum in support. However, it is not until page 16 that the brief begins to discuss actual objections. Instead, the first 15 pages are devoted to what the Administrative Law Judge ("ALJ") found, what the R&R made of those findings, and counsel's beliefs about what the evidence actually showed or did not show. This includes discussions about Nash's Activities of Daily Living, her migraine headaches, her psychotropic medication, her anxiety, and her pain. The majority of the text in the first 15 pages is single-spaced with no indentations, even when counsel is clearly quoting the administrative record.

---

[1] Subsequently, the case was administratively closed due to a clerical error in the Clerks's office. However, the deadlines for filings remained in place. (Doc. No. 50).

This suggests an effort to circumvent the page limitations and this Court's order striking the original memorandum in support of Nash's objections, and is also unacceptable.

The reply brief filed by counsel is no better. Although it is five pages and technically meets the Local Rule's page limitations, this is only because of the creative use of lengthy footnotes. Indeed, one heading contains no following text; instead, the text is provided in three separate footnotes. Another heading is followed by no text, footnote or otherwise.

Although Nash claims that her quotations from the record are meant to assist the Court, they actually are distracting and unhelpful. Also unhelpful is an argument accompanying a self-standing objection that simply reads, "See discussion above." (Doc. No. 51-1 at 9).

All of the foregoing is to give counsel notice to follow the letter – if not the spirit – of this Court's Orders and rules. After all counsel is not a novice practitioner. Failure to do so in the future can lead to an Order to Show Cause and the likely imposition of sanctions, which include disbarment as a member of the bar of this Court.

## II.

Under Rule 72(b), this Court is obliged to consider "specific written objections to the proposed findings and recommendations," and "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2), (3). Furthermore, "the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act," and this Court's "review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405–06 (6th Cir. 2009). "Substantial evidence requires 'more than a mere scintilla' but less than a preponderance; substantial evidence is such 'relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" Miller v. Comm'r of Soc. Sec., 811 F.3d 825, 833 (6th Cir. 2016) (quoting Buxton v. Halter, 246 F.3d 762, 772 (6th Cir.2001)). "The Court must defer to the Commissioner's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'" Poe v. Comm'r of Soc. Sec., 342 F. App'x 149, 154 (6th Cir. 2009) (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir.1997)).

It is with these standards in mind that the Court turns to Nash's seven objections. Within those objections, the Court finds two grounds for remand, even though one is not properly an objection because the argument was never presented to Magistrate Judge Newbern.

Both grounds requiring remand are based upon the ALJ's failure to properly follow the sequential steps set out by the regulations for social security disability determinations. See 20 C.F.R. § 404.1520. The Sixth Circuit has described the five step analysis as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Anthony v. Astrue, 266 F. App'x 451, 457 (6th Cir. 2008) (citing Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir.1997)).

## A.

At Step Two, the ALJ found that Nash's severe impairments included "intractable migraine; degenerative disc disease with cervical spondylosis; carpal tunnel syndrome; fibromyalgia; chronic fatigue syndrome; attention-deficit/hyperactivity disorder (ADHD)[;] bipolar disorder and alcohol abuse." (AR 14 (citation omitted)). Anxiety was not found to be a severe impairment, even though the administrative record contains multiple entries about Nash's anxiety disorder, including numerous reports linking Nash's anxiety to her pain level. (A.R. at 1852-54; 1872; 1896; 1880-81; 1905-06).

It is true, as the Commissioner argues, that an impairment not mentioned at Step Two can be "legally irrelevant" when the impairments are considered in combination at later steps. Such was the holding in Emard v Comm's of Soc. Sec., 953 F.3d 844 (6th Cir. 2020).

Pursuant to Social Security Rule 96-8p, once an ALJ finds at least one impairment severe, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe." The Sixth Circuit found that to be the case in Emard, even though the ALJ did not state whether plaintiff's GERD, insomnia, and hypersomnia impairments were severe or mild. This was "legally irrelevant" because:

> Although the ALJ did not specifically discuss the combined effect of Emard's impairments or mention Emard's nonsevere impairments in assessing his residual functional capacity, she stated that she had carefully considered the entire record and "all symptoms" at this step in the process. This court in Gooch v. Secretary of Health & Human Services, 833 F.2d 589 (6th Cir. 1987), concluded that an ALJ's statement that he had conducted "a thorough review of the medical evidence of record," along with the fact that the ALJ had considered the claimant's impairments individually,

5

sufficed to show that the ALJ had considered the impairments in combination. Id. at 591–92. It explained that "the fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered," and "[t]o require a more elaborate articulation of the ALJ's thought processes would not be reasonable." Id. at 592. As in Gooch, the ALJ's statements that she had considered the entire record and all of Emard's symptoms suggest that she had considered Emard's impairments in combination.

Moreover, the ALJ specifically noted in her summary of the applicable law that she was required to comply with SSR 96-8p's mandate to "consider all of the claimant's impairments, including impairments that are not severe."

Id. at 851–52.

This case is unlike Emard where the dispute was over whether plaintiff's GERD, insomnia, and hypersomnia were severe or not severe. Based upon the administrative record, Plaintiff unquestionably has an anxiety disorder, but "anxiety" is never mentioned once in the ALJ's decision.

Courts "have noted that Emard requires an ALJ to do more than merely state that SSR 96–8p controls their analysis; they must also expressly discuss how the claimant's nonsevere impairments functionally limit the claimant (if at all) in their Step Two analysis." Harrington v. Saul, No. 3:20-CV-00852-JRK, 2021 WL 3174273, at *10 (N.D. Ohio July 9, 2021) (collecting cases). Hence, just as "the fact that the ALJ cited to SSR 96–8p does not on its own demonstrate that she properly considered [plaintiff's] chronic vomiting at subsequent steps in the sequential evaluation process," id., the fact that the ALJ never mentioned Nash's anxiety hardly demonstrates that she properly considered that potential impairment at any step in the sequential evaluation process. A remand for further consideration is necessary.

**B.**

As noted, at Step Two the ALJ found a number of impairments, both physical and mental. However, at Step Three, she discussed only the mental impairments and found that "[t]he severity

6

of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of Listings 12.04 and 12.06." ( A.R. 14). No mention is made of Nash's migraine headaches, degenerative disc disease, carpal tunnel syndrome, fibromyalgia, or chronic fatigue syndrome. This was error.

As recognized by the Sixth Circuit in Reynolds v. Comm'r of Soc. Sec., 424 F. App'x 411, 415 (6th Cir. 2011),"[a]n administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." That did not occur in Reynolds, where "the ALJ found both a physical and mental impairment at Step Two," but at Step Three, "[n]o analysis whatsoever was done as to whether Reynolds' physical impairments . . . met or equaled a Listing under section 1.00, despite his introduction concluding that they did not." Id. "Put simply, he skipped an entire step of the necessary analysis. He was required to assess whether Reynolds met or equaled a Listed Impairment. . . , but did not do so." Id. at 416.

The same is true here, although the error is even clearer in this case. In Reynolds, the ALJ began the Step Three analysis "with his conclusion: 'Claimant does not have an impairment or combination of impairments which, alone or in combination, meet sections 1.00 or 12.00 of the Listings," whereas in this case the ALJ began with her conclusion with the finding that Nash's "*mental* impairments" do not meet Listing 12.04 and 12.06, both of which encompass mental impairments.

In response to Nash's objection, the Commissioner does not argue that the ALJ committed no error. Instead, she argues that this argument has been waived because it was not presented to Magistrate Judge Newbern, and because Nash "has not identified which listing she believes that she

7

meets or equals. . . the Commissioner is unable to offer any possible response." (Doc. No. 52 at 5).

The Commissioner is correct that arguments raised for the first time in Objections to Reports and Recommendations are usually deemed to be waived. Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000); Logan v. MGM Grand Detroit Casino, 299 F. Supp. 3d 874, 877 (E.D. Mich. 2018). However, as pointed out in Reynolds, (1) "this rule is prudential and not jurisdictional, Dorris v. Absher, 179 F.3d 420, 425 (6th Cir.1999)"; (2) "the requirement for specific objections may be excused 'in the interest of justice' Kelly v. Withrow, 25 F.3d 363, 366 (6th Cir.1994)"; (3) the Sixth Circuit " has previously considered the issue of whether certain impairments meet or equal a listing, even though that issue had not been raised"; and (4) "the ALJ's error was not harmless, for the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary." Reynolds, 424 F. App'x at 416.

As for the Commissioner's inability to respond because Nash does not identify a specific Listing, the point is that it is the ALJ's job to "determine whether the claimant's impairments or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1," as she herself recognized. (A.R. at 12). This Court's role is to determine whether substantial evidence supports that conclusion.

### III.

Based upon the foregoing, the Court rules as follows:

(1) The Clerk shall reopen this case;

(2) The Report and Recommendation (Doc. No. 42) is **VACATED**;

(3) Nash's Objections (Doc. No. 51) are **ACCEPTED IN PART** and **REJECTED IN**
8

Case 3:20-cv-00908   Document 54   Filed 04/20/22   Page 8 of 9 PageID #: 3262

**PART**;

(4) Nash's Motion to File Reply Brief (Doc. No. 53) is **DENIED AS MOOT**;

(5) Nash's Motion for Judgment on the Record (Doc. No. 27-1) is **GRANTED** to the extent that this Court will remand this case to the Commissioner; and

(6) The Commissioner's final decision denying benefits is **REVERSED**, and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

The Clerk of the Court shall enter final judgment and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE